KATHERINE I. HARTLEY
**PACIFIC JUSTICE INSTITUTE**
P.O. BOX 2131
COEUR D'ALENE IDAHO 83816
P: 858-945-6924
khartley@pji.org

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRUTH FAMILY BIBLE CHURCH MIDDLETON,<br><br>  Plaintiff,<br><br>v.<br><br>IDAHO HOUSING AND FINANCE ASSOCIATION, an Idaho nonprofit corporation; SAGE INTERNATIONAL NETWORK OF SCHOOLS, an Idaho public charter school;<br><br>  Defendants. | Case No.:<br><br>**VERIFIED COMPLAINT**<br> **[42 U.S.C. § 1983]** |

Plaintiff Truth Family Bible Church Middleton (hereafter "Plaintiff" or "The Church"), by and through its undersigned counsel, alleges as follows:

### OVERVIEW

1. This is a civil rights action for relief against an Idaho nonprofit corporation with a state-created role, and an Idaho charter school.  It is brought under 42 U.S.C. § 1983 and the United States Constitution.

2. In Idaho, a state statute authorizes the Idaho Housing and Finance Association ("IHFA") to administer state-backed bonds to public charter schools. Idaho Code 33-5218.

3. Defendant IHFA is responsible for approving these bonds for eligible public charter schools within the state.

1

4.     Plaintiff is a church who was leasing space to hold its Sunday services and other church-related activities from Defendant Sage International Network of Schools ("Sage").

5.     Plaintiff's lease was terminated by Sage after IHFA determined that the use of the premesis by a church violates Idaho Constitution Article IX Section 5, "Sectarian Appropriations Prohibited." IHFA would not approve the bond until the lease was terminated.

6.     On its face and as applied to Plaintiff, Article IX Section 5 of the Idaho Constitution violates the Free Exercise, Establishment, and Free Speech Clauses to the United States Constitution.

7.     The Church now sues under 42 U.S.C. § 1983 for Defendant's deprivation under color of state law of the Church's rights secured by the United States Constitution. The Church respectfully asks the Court to grant the relief set forth in the Prayer for Relief.

## PARTIES

8.     Plaintiff Truth Family Bible Church Middleton is a church located in Canyon County, Idaho.

9.     Defendant IHFA is an Idaho nonprofit corporation operating in the state of Idaho and has a state-created role.

10.    IHFA performs a public function by issuing bonds to charter schools as outlined in Idaho Code § 33-5218.  Therefore, IHFA's activities in this context are limited by legislative directive.

11.    Specifically, IHFA considers the limitations set forth in the Idaho Constitution when determining eligibility for public charter school bonds.

12.    Defendant Sage International Network of Schools is a public charter school which may sue or be sued under Idaho Code 33-5204.

13.    Public charter schools such as Sage operate independently from the existing traditional school district structure but within the existing public school system.

14.    Public charter schools are non-profit corporations and primarily raise their own operational funds.

## JURISDICTION AND VENUE

15.    The Defendants are located within this judicial district and division. All of the events and omissions giving rise to the claims alleged herein occurred in this judicial district and division. Therefore, this Court has personal jurisdiction over the Defendants.

16. Furthermore, venue is proper in this Court and in this division under 28 U.S.C. § 1391(b).

17. This Court has federal question jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331, 1343(a)(3).

18. This Court has the authority to grant the requested declaratory relief under 28 U.S.C. § § 2201 and 2202.

19. This Court has the authority to grant the requested damages pursuant to 28 U.S.C. § 1343.

20. This Court has the authority to award attorneys' fees under 42 U.S.C. § 1988.

## GENERAL ALLEGATIONS

21. The Idaho legislature enacted Idaho Code § 33-5218, otherwise known as the Public Charter School Facilities Program.

22. In general, this statute allows Idaho public charter schools to obtain state-backed bonds for construction of school facilities.

23. Additionally, this statute gives authority to IHFA to issue these bonds.

24. To be approved for such a bond, a public charter school must meet certain requirements.

25. Defendant Sage applied for such a bond to expand their school facilities.

26. Sage leased its facilities to Plaintiff starting in August, 2022.

27. The lease was cancelled by Sage with an end date of February 25, 2024.

28. Sage and The Church enjoyed a positive relationship with no previous conflict.

29. On information and belief, while finalizing approval of a bond for Sage, IHFA declared that the Plaintiff could not use Sage's facilities in order for the bond to be approved.

30. The reasoning provided was that leasing to Plaintiff would violate Article IX Section 5 of the Idaho Constitution which states in relevant part:

> Neither the legislature nor any county, city, town, township, school district, or other public corporation, shall ever make any appropriation, or pay from any public fund or moneys whatever, anything in aid of any church or sectarian or religious society, or for any sectarian or religious purpose, or to help support or sustain any school, academy, seminary,

      college, university or other literary or scientific institution, controlled by any church, sectarian or religious denomination whatsoever; nor shall any grant or donation of land, money or other personal property ever be made by the state, or any such public corporation, to any church or for any sectarian or religious purpose.

31. In order to obtain the bond from IHFA, Sage terminated its lease with Plaintiff.

32. Plaintiff unexpectedly had to quickly find another commercial property to lease.

33. Upon information and belief, but for the sectarian exclusion in Article IX, Section 5 of the Idaho Constitution, Plaintiff would have been able to continue its lease agreement with Sage.

34. No funding from IHFA directly benefited Plaintiff.

35. The Church felt demeaned as they were the subject of this discrimination.

## FIRST CLAIM FOR RELIEF

**(Violation of The Church's Free Exercise of Religion Rights in Violation of 42 U.S.C. § 1983 Against Defendants)**

36. The Church refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

37. The Free Exercise Clause of the First Amendment to the United States Constitution provides, in relevant part, that "Congress shall make no law…prohibiting the free exercise" of religion.

38. The Free Exercise Clause applies to the states and their subdivisions and municipalities through the Fourteenth Amendment to the United States Constitution.

39. Congress has provided a vehicle for seeking relief from constitutional violations via 42 U.S.C. § 1983. The Church therefore brings this action pursuant to § 1983.

40. The Free Exercise Clause protects against governmental hostility toward religion.

41. The Free Exercise Clause also requires that the state be neutral on matters of religion.

42. Article IX Section 5 of the Idaho Constitution is not neutral with respect to religion. Instead, it discriminates against religion on its face in that it prevents religious entities from receiving public funding from a generally offered benefit from the state.

43. On its face and applied to Plaintiff, Article IX Section 5 of the Idaho Constitution conditions the receipt of a public benefit, however tangential, on the forgoing of religious convictions.

44. By denying public funding to a school just because a Church is also using the facility,

Article IX Section 5 of the Idaho Constitution denies the Church a benefit it may otherwise receive if it were not a religious entity.

45. When laws or regulations are not neutral and generally applicable, they trigger strict scrutiny under the Free Exercise Clause whenever they treat any comparable secular activity more favorably than religious exercise.

46. Defendants have no compelling, substantial or even legitimate interest in denying the Church the ability to rent this public facility.

47. Article IX Section 5 of the Idaho Constitution is not narrowly tailored to achieve, nor is it rationally related to any governmental interest of the Defendants.

## SECOND CLAIM FOR RELIEF

### (Violation of The Establishment Clause in Violation of 42 U.S.C. § 1983 Against Defendants)

48. The Church refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

49. The Establishment Clause of the First Amendment to the United States Constitution provides "Congress shall make no law respecting an establishment of religion."

50. The Establishment Clause applies to the states and their subdivisions and municipalities through the Fourteenth Amendment to the United States Constitution.

51. The Establishment Clause does not require a state or state entity to remain both completely separate from and virtually silent on matters of religion to comply with the Establishment Clause.

52. By denying The Church the ability to rent a public and otherwise available facility, Article IX Section 5 of the Idaho Constitution on its face, and as applied to Plaintiff, is hostile toward and disapproving of religion.

53. The Establishment Clause to the United States Constitution does not prohibit a public school from leasing to a church in order to obtain public funding.

## THIRD CLAIM FOR RELIEF

### (Violation of The Church's Free Speech Rights in Violation of 42 U.S.C. § 1983 Against Defendants)

54. The Church refers to and hereby incorporates the foregoing paragraphs as though fully set

forth herein.

55. The Free Speech Clause to the First Amendment to the United States Constitution provides, in relevant part, that "Congress shall make no law…abridging the freedom of speech."

56. The Free Speech Clause applies to the states and their subdivisions and municipalities through the Fourteenth Amendment to the United States Constitution.

57. The Free Speech Clause prohibits restrictions of speech that are based on content or viewpoint.

58. On its face and as applied to Plaintiff, Article IX Section 5 of the Idaho Constitution restricts expression and speech based on content and viewpoint because it denies a public benefit to a church, because and only because it is a church.

59. A secular group operating in a similar fashion as The Church would not have had its lease agreement terminated.

60. IHFA and Sage are allowing expression they perceive to be secular but not expression which is overtly religious.

61. On information and belief, Sage leases its facilities to a music school.

62. Permitting a music school to lease the property and not a church who invariably utilizes music in their worship services demonstrates clear content and viewpoint-based discrimination.

63. On information and belief, Sage could permit groups to use their facilities for civic or cultural lectures, but not preaching by a religious entity.

64. Defendants have no compelling, substantial, or even legitimate interest in denying such a tangential benefit to The Church.

**PRAYER FOR RELIEF**

The Church respectfully requests that this Court enter judgment against Defendants and provide the following relief:

ON ALL CAUSES OF ACTION:

65. A declaratory judgment against all Defendants that Article IX Section 5 of the Idaho Constitution on its face and as applied to Plaintiff violates the Free Exercise, Establishment, and Free Speech Clauses of the First Amendments to the United States Constutution.

66. An award of nominal damages against Sage pursuant to 28 U.S.C. § 1343.

6

67. An award of attorney's fees, costs, and expenses against all Defendants pursuant to 42 U.S.C. § 1988.

68. A permanent injunction from enforcing Article IX Section 5 of the Idaho Constitution as related to The Church against all Defendants; and

69. Such other and further relief as the Court may deem proper.

DATED this 19th day of April 2024.

Respectfully submitted,

/s/ Katherine Hartley
Katherine Hartley (Bar No. 11837)
**PACIFIC JUSTICE INSTITUTE**
PO Box 2131
Coeur d'Alene, ID 83816
Khartley@pji.org

*Counsel for Plaintiff*

## **VERIFICATION**

I, Danny Steinmeyer, am the Plaintiff in the above-captioned matter. I have read the Complaint and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of perjury, under the laws of the United States and the State of Idaho, that the foregoing is true and correct. Executed this 16th day of April 2024 in the County of Canyon, Idaho.

_____
Danny Steinmeyer