Katherine I. Hartley (Bar No. 11837)
PACIFIC JUSTICE INSTITUTE
P.O. Box 2131
Coeur D'Alene, Idaho 83816
Office: 858-945-6924
khartley@pji.org

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRUTH FAMILY BIBLE CHURCH MIDDLETON,<br><br>    Plaintiff,<br><br>v.<br><br>IDAHO HOUSING AND FINANCE ASSOCIATION, an Idaho nonprofit corporation, SAGE INTERNATIONAL NETWORK OF SCHOOLS, an Idaho public charter school,<br><br>    Defendants, | Case No.: 1:24-cv-00206-DCN<br><br>**STATEMENT OF UNDISPUTED AND STIPULATED MATERIAL FACTS RELATED TO SUMMARY JUDGMENT** |

Plaintiff Truth Family Bible Church Middleton ("Church"), Defendant Idaho Housing and Finance Association ("IHFA"), and Defendant Sage International School Middleton, LLC[1] ("SAGE") (collectively, the "Parties"), by and through their counsel of record and pursuant to Federal Rule of Civil Procedure 56(c)(1) and District of Idaho Local Civil Rule 7.1, hereby submit this Statement of Undisputed and Stipulated Facts Related to Summary Judgment ("Stipulated Facts").

---

[1] This is the proper legal title of the entity the Church named "Sage International Network of Schools."

**STATEMENT OF UNDISPUTED AND STIPULATED MATERIAL FACTS RELATED TO SUMMARY JUDGMENT - 1**

The Parties' submission of these Stipulated Facts does not constitute an admission by IHFA or SAGE of a legal violation or of any liability to the Church, and shall not prevent IHFA or SAGE from filing responsive legal briefing to the Church's Motion for Summary Judgment or from filing their own summary judgment motions.

## STIPULATED FACTS

**A.    The Parties.**

1. The Church is associated with Truth Family Bible Church, Inc., an Idaho non-profit corporation which was organized for religious purposes to operate a non-denominational church.

2. IHFA is an independent public body corporate and politic created under Chapter 62, Title 67 of the Idaho Code.

3. SAGE is an Idaho limited liability company whose sole member is Sage International School of Boise, A Public Charter School, Inc., a non-profit corporation formed to operate as a public charter school pursuant to Idaho Code § 33-5204. SAGE was formerly known as Forge International, LLC.

**B.    The Church's lease with SAGE.**

4. The Church entered into a month-to-month Facilities Use Application and Agreement with SAGE on July 27, 2022 ("Lease"). A true and correct copy of the Lease is attached as **Exhibit 1** to the Declaration of Emily Downey in Support of Statement of Undisputed and Stipulated Material Facts Related to Summary Judgment ("Downey Declaration").

5. The Lease provided that the Church would pay rent to SAGE in exchange for using SAGE's gymnasium on Sundays for the Church's services.

6. During the course of the Lease, the Church and SAGE enjoyed a positive relationship without conflict.

**STATEMENT OF UNDISPUTED AND STIPULATED MATERIAL FACTS
RELATED TO SUMMARY JUDGMENT - 2**

### C. The bond issuance and termination of the Lease.

7. The Public Charter School Facilities Program is codified at Idaho Code § 33-5218 ("Program"). The Program assists "qualifying charter schools in obtaining favorable financing on bonds for facility improvements and construction." Idaho Code § 33-5218(1).

8. IHFA is the bond issuer under the Program, under which the proceeds of issued bonds are loaned to public charter schools participating in the Program.

9. On or about July 28, 2023, SAGE applied to participate in the Program in order to acquire existing charter school facilities then being leased by SAGE and to construct new charter school facilities and improvements for SAGE's campus. This application to IHFA was required by the Program, which provides that "[a] public charter school seeking to use the public charter school facilities program must receive approval from the Idaho housing and finance association pursuant to requirements for issuance of nonprofit facility bonds and to satisfaction of the criteria set forth in this section." Idaho Code § 33-5218(2).

10. IHFA reviewed SAGE's application consistent with Program requirements.

11. In order for a bond issuance to occur under the Program, bond purchasers require delivery of an opinion of bond counsel regarding certain matters, including that IHFA has lawful authority to issue the bonds, and that the bonds are valid and binding limited, special obligations of IHFA consistent with state and federal law.

12. In the course of reviewing SAGE's application, IHFA's bond counsel identified an issue arising from the Lease. Bond counsel identified the issue in an email to SAGE dated December 28, 2023, which provides in relevant part:

> I've also been reviewing the tax questionnaire and related materials and most seems to be in order. However, there are a few questions on the use of the school. It appears that a church currently uses the gym on Sundays and a private music school uses some classrooms when not being used by the charter school. The church use raises

STATEMENT OF UNDISPUTED AND STIPULATED MATERIAL FACTS
RELATED TO SUMMARY JUDGMENT - 3

> an issue since it looks as though it is for worship purposes. While this may not be a tax issue in view of certain federal decisions, there is an Idaho case, Idaho Health Facilities Authority v. Twin Falls County, which held that bond proceeds used for a religious purposes are not permitted under Idaho's constitution. Chris Yorgason is familiar with this. Given the use arrangement by the church unfortunately this likely need to be terminated by bond closing.

A true and correct copy of this email is within the email chain attached as **Exhibit 2** to the Downey Declaration.

13. In a subsequent email exchange between SAGE and IHFA's bond counsel, on January 1, 2024, SAGE wrote, in relevant part:

> Regarding the church use, Chris and I have chatted a bit about this: it is confusing due to the conflict re: separation of church and state vs. some other state and US Supreme Court rulings re: not discriminating against churches if we are making our space available to other community groups after hours due to districts being sued by churches. We do not advertise for them and they utilize the space only on the weekend during non-school hours. Of course, we will do what we need to do and will disallow its use if necessary. Perhaps a discussion with Chris and then some guidance to us re: if we need to disallow the church from renting?

Exhibit 2 to the Downey Declaration. IHFA's bond counsel responded by email on January 2, 2024, writing, in relevant part:

> As for the church use, that may not be a problem under the US Constitution, but it's the limitations under the Idaho Constitution that create the issues here. I am happy to talk further with Chris on that.

Exhibit 2 to the Downey Declaration.

14. SAGE reviewed the content of the above e-mail exchanges with its counsel and determined to (i) terminate the Lease and (ii) proceed with the bond financing.

15. SAGE subsequently sent a letter to the Church dated January 17, 2024, in which Sage terminated the Lease. A true and correct copy of the letter is attached as **Exhibit 3** to the Downey Declaration. The letter stated that the last day of the lease would be February 25, 2024.

16. On January 23, 2024, Emily Downey ("Downey"), CFO of SAGE, had a phone conversation with Danny Steinmeyer ("Steinmeyer"), pastor of the Church, explaining that while SAGE did not want to terminate the lease, SAGE desired to proceed with the bond financing through IHFA and needed to terminate the lease to proceed with such financing. Downey explained that bond counsel must give an unqualified legal opinion as to the validity and constitutionality of the bond issuance and could not deliver such opinion with the lease to the Church in place. Downey told Steinmeyer SAGE has had a great relationship with the Church and that if it were up to SAGE, SAGE would continue the lease agreement and that if the law changes in Idaho with regard to the legality of leasing schools to religious organizations, SAGE might be able to do so in the future. Downey Declaration, ¶ 5.[2]

17. SAGE was ultimately approved to participate in the Program. Bonds were issued by IHFA in the total amount of $15,215,000. IHFA lent money from the proceeds of the bonds to SAGE, with closing occurring on January 25, 2024.

18. The Church had to quickly find a new lease for its Sunday services with a different public school.

19. On February 27, 2024, legal counsel for SAGE sent a letter to legal counsel for the Church. **Exhibit 1** to the Declaration of Chris Yorgason in Support of Statement of Undisputed and Stipulated Material Facts Related to Summary Judgment.[3]

---

[2] IHFA reserves the right to argue that the facts set forth in this paragraph are immaterial.
[3] IHFA reserves the right to argue that the facts set forth in this paragraph are immaterial.

STATEMENT OF UNDISPUTED AND STIPULATED MATERIAL FACTS
RELATED TO SUMMARY JUDGMENT - 5

DATED: January 31, 2025

        PACIFIC JUSTICE INSTITUTE

        /s/ Katherine Hartley
        Katherine I. Hartley
        *Attorney for Plaintiff*

DATED: January 31, 2025

        GIVENS PURSLEY LLP

        /s/ Preston N. Carter
        Preston N. Carter
        Melodie A. McQuade
        *Attorneys for Defendant Idaho Housing and Finance Association*

DATED: January 31, 2025

        ANDERSON, JULIAN & HULL LLP

        /s/ James R. Stoll
        James R. Stoll
        *Attorneys Defendant Sage International Network of Schools*